# CIRCUIT COURT OF THE CITY OF NORFOLK

Regina M. Zarrelli

v.

City of Norfolk
and Gregory D. Underwood

March 27, 2013

Case No. (Civil) CL12-7960

BY JUDGE CHARLES E. POSTON

This action appeals the City Manager's determination that termination of the Plaintiff's employment is not a grievable issue. Further, the Plaintiff prays for issuance of a writ of mandamus requiring the Defendants to reinstate the Plaintiff's employment. Having considered the record filed by the City Manager, the written submissions of the parties in support of their respective positions, and the argument of counsel, the Court dismisses the Complaint.

## Statement of Facts

Before her dismissal, the Plaintiff, Regina M. Zarrelli, was Assistant Director of the Commonwealth's Attorney's Victim/Witness Assistance Program. She was first employed by the Commonwealth's Attorney during September 2005 and was promoted to the Assistant Director position during 2007. On May 4, 2012, the Commonwealth's Attorney, Gregory D. Underwood, counseled the Plaintiff about his office's policy concerning the use of rental vehicles. He also reviewed her actions with the rental car vendor that, he concluded, had violated that policy. He counseled her orally and memorialized his conclusions in a memorandum of the same date. As a result of her violation of the policy concerning rental vehicles, the Commonwealth's Attorney suspended her for two days without pay, placed her on a one-year probationary period, and required her to write the

rental car vendor regarding the office rental car policy and her failure to comply with the policy.

On May 18, 2012, the Plaintiff initiated the grievance procedure concerning the Commonwealth's Attorney's disciplinary action on May 4, 2012, by submitting her complaint on a City of Norfolk Employee Grievance Form. The City did not challenge the grievabilty of this issue, and that grievance remains active. It is, however, not the subject of the action *sub judice*.

After returning from family medical leave (FMLA), the Plaintiff drafted the letter to the rental car vendor required by the Commonwealth's Attorney. The letter she submitted to the Commonwealth's Attorney on August 17, 2012, reads in pertinent part:

> Per Commonwealth's Attorney, Gregory D. Underwood, I have been asked to send you a letter advising you of our office policy regarding rental cars and this is to remind you that we are going to follow that policy.
>
> Although the Office Manager had a question whether I acted inappropriately in questioning you about the cancellation of a rental car, I disagree that I acted inappropriately.
>
> Furthermore, the Office Manager questioned whether I acted appropriately challenging the penalty and fee assessed by CI Travel. I disagree that I acted inappropriately or challenged in that regard as well.
>
> This letter is being sent to you at the direction of my Office Manager and not of my own volition. I trust that we can continue our congenial and professional relationship.

On this same day, the Commonwealth's Attorney verbally dismissed plaintiff from her employment. The City of Norfolk's Director of Human Resources advised the Plaintiff in writing that she was "dismissed from your employment with the City of Norfolk, Commonwealth's Attorney's Office" in a letter dated August 17, 2012.

The Plaintiff filed her second grievance, the grievance at issue in this action, on August 31, 2012, by submitting a City of Norfolk Employee Grievance Form. On that form, she stated her grievance as follows:

> Wrongful termination. My employer wrongfully terminated my employment upon my return to work from FMLA leave. Although I have a pending grievance of disciplinary action proposed by my employer, he ignored the pending grievance and terminated my employment after imposing disciplinary action that is the subject of my grievance.

By a memorandum dated November 7, 2012, the City Manager concluded that the Plaintiff's second grievance is not grievable under the provisions of Norfolk's Grievance Procedure and Norfolk City Code § 2-96.

## Issues

The Petition's prayer for relief asks the Court for specific actions. Specifically, it prays:

1. That the Court reverse the City Manager's determination that the Plaintiff may not grieve the termination of her employment;

2. That the Court order the reinstatement of the Plaintiff as a tenured employee of the City with restitution of all wages, salary payments, benefits, and seniority that Plaintiff would have received and accrued through the final decision of her first grievance;

3. That the Defendants be enjoined and restrained from terminating the Plaintiff's employment or otherwise affect her employment on any of the grounds contained in the Commonwealth's Attorney's memorandum of May 4, 2012, or the Plaintiff's first grievance and to prohibit further retaliation against the Plaintiff because she filed the second grievance;

4. That the Plaintiff be awarded her attorney's fees and costs.

The Petition also contains the general prayer for relief traditionally pleaded in chancery.

The Defendant Underwood asserts that he is not a proper party to this action and that the complaint should be dismissed as to him.

## Jurisdiction

The Court's jurisdiction to hear and determine the appeal from the City Manager's decision concerning the Plaintiff's grievance is founded upon the City of Norfolk Personnel Administrative Policies Manual, Policy Number 8.4(F), and Virginia Code § 15.2-1507(A)(9)(a). Jurisdiction to issue writs of mandamus is vested in the Court by Virginia Code § 17.1-513 and the principles of the common law.

*Discussion*

The question of whether termination of the Plaintiff's employment is a grievable issue rests on her employment status, *i.e.*, whether she was a classified employee or a special project employee of the City. As may be expected, the parties do not agree on her status.

Virginia Code § 15.2-1506 requires localities having more than fifteen employees to adopt a grievance procedure. The City's grievance procedure is contained in its Personnel Administrative Policies Manual, and the Commonwealth's Attorney also has an "Office Handbook" that details his employee relations' principles. That Handbook states, *inter alia*: "All staff members are employed at the will of the Commonwealth's Attorney and serve at his or her discretion." Similarly, the City Code provides that special project employees "serve at the will of the City Manager." City Code § 2.1-21. While the parties agree that the Plaintiff was an employee of the City of Norfolk, they disagree about the type of appointment she held.

Norfolk City Code § 2.1-10(B) defines the term "special project employee:"

> The term "special project employee" means an employee appointed for employment on projects or programs, who is qualified or eligible for appointment to the position in the classified service of the city. Special project employment may be for an unlimited term.

The language unambiguously denies to special project employees the benefits provided to classified employees. For example, unless such an employee was participating in the City retirement plan immediately prior to appointment as a special project employee, no retirement benefits are available to this class of employee. City Code § 2.1-19. Nor is a special project employee eligible for insurance benefits unless that employee was eligible immediately preceding his or her appointment as a special project officer. City Code § 2.1-18. Of significance to the action *sub judice*, is the following City Code section addressing special project employees' use of the grievance procedure:

> Section 2.1-22 – *Grievance procedure*. Persons appointed pursuant to this division shall not be entitled to utilize the city's grievance procedure unless expressly provided otherwise elsewhere within this Code.

Adopted on or about August 23, 2011, City Ordinance Number 44,348 accepted grant funds to finance the Victim/Witness Assistance Program in the Commonwealth's Attorney's Office. The ordinance expressly authorized

"nine (9) persons in the Victim/Witness Assistance Program, in a Special Project Employment status. . . ." The ordinance also expressly granted those employed in the Victim/Witness Assistance program the privilege to participate in the City's Health Insurance programs, and the Plaintiff availed herself of that benefit. Furthermore, the ordinance expressly addresses the question of whether demotion or dismissal of employees working in the program could be challenged through the grievance procedure: "Such special project employees serve at the ultimate will of the City Manager with regard to their continued employment, and *they serve with no right to grieve either demotion or dismissal*." City Code § 2.1-10 (emphasis added). The Plaintiff worked in the Victim/Witness Assistance Program and was classified by the City as employed as a special project employee. *See* Defendant Exhibit B, the City's Personnel Status Report with an effective date of August 23, 2008, showing plaintiff's employment class as "Special Project."

The Plaintiff alleges that she is entitled to grieve her termination on either of three grounds:

1. She denies that she was a special project employee;

2. She asserts that, even if she were a special project officer, she was nevertheless a permanent tenured member of the City's classified service and not on probation;

3. In any event, she claims a right to grieve her termination of employment because the termination, she urges, was directed in retaliation for her filing the earlier grievance.

The Court will address each of those claims *seriatim*.

The Plaintiff's claim that she was not a special project employee does not survive a review of the facts of her claim. She was employed under the provisions of City Ordinance No. 44,348 that accepted grant funding for nine special project positions in the Victim/Witness Assistance Program. Her personnel records are consistent in classifying her as a special project employee. Although generally special project employees are not entitled to insurance benefits, the Plaintiff was able to avail herself of those benefits because of a special grant in the ordinance.

In her petition and argument, the Plaintiff emphasizes that the City processed her first grievance regarding the disciplinary action issued by the Commonwealth's Attorney on or about August 17, 2012. In accepting that grievance, the City Manager acted clearly within the purview of the ordinance which states that the Grievance Procedure "may be utilized by special project employees . . . but the demotion or dismissal of any such employees shall not be grievable." See Defendant Exhibit G, Grievance Procedure, at § B(4). The City's response to the second grievance was uniformly consistent with the provisions of the ordinance. The Court finds that the Plaintiff was at all times material to this action a special project employee of the City of Norfolk.

Even if she were a special project employee, the Plaintiff argues, she was nevertheless a permanent, tenured employee of the City, not on probation, an employment status, she asserts, that gives her a right to grieve her termination. Her employment with the City commenced in September 2005, when she was employed as a special project employee in the Victim/Witness Assistance Program. She asserts that, upon completion of the probationary period of her employment, she became a tenured employee. There is no provision in either the City Code or the City's Personnel Administrative Policies Manual for the automatic reclassification of employment from special project employment to classified employment simply because a probationary period has expired. While the employment of a special project employee may be for an unlimited term, City Code § 2.1-10, City Code § 2-11(b) is most specific about such an employee's status with regard to other classifications of employment:

> The city manager, when authorized by either a writing created and executed pursuant to this article or when authorized by ordinance, may appoint persons to positions of special project employment or substitute employment in the service of the city, which persons shall not be members of the classified service under any circumstance, nor members of the unclassified service unless the writing or the ordinance so directs. The conditions of employment, rights, benefits, and limitations of persons appointed pursuant to this subsection shall be as prescribed in this article, unless otherwise specifically provided in the writing or ordinance.

Plaintiff's assertions that she possesses a contractual right to grieve her termination under the provisions of the City's Personnel Policy and Virginia Code § 15.2-1507(1)(i) are without merit. The City's Personnel Policy has no such guarantee, and, even if it provided such a procedure, it would fail for being in conflict with the ordinance. While the cited state code section does include termination as a grievable issue, that definition is tempered by Virginia Code § 15.2-1507(A)(3(a)(2), which excludes employees "who by charter or other law serve at the will or pleasure of an appointing authority." By terms of the ordinance, the Plaintiff served at the will of the City Manager and, thus, possesses no right to grieve her termination under the provisions of the Virginia Code.

Finally, the Plaintiff argues that she is entitled to grieve her termination because it was in retaliation for filing the first grievance against the Commonwealth's Attorney concerning the disciplinary action taken on or about August 17, 2012. The plaintiff's argument is negated by her own pleading, because, in paragraphs 6 and 7 of the complaint, she alleges that her termination was the result of the letter she drafted and submitted to the Commonwealth's Attorney on or about August 17, 2012. This letter is

attached to her complaint as Exhibit 8. Upon reading that letter, one cannot escape the conclusion that it was at best improvidently worded and at worst insubordinate. The evidence in the record does not support a finding that the plaintiff was discharged for filing an Employee Grievance, and, even if her allegation be true, the grievance of her termination would remain prohibited by the ordinance.

The Court further finds that the Commonwealth's Attorney is not a proper party to this action. Neither the Grievance Procedure nor any provision of the Virginia Code creates a private right of action against an individual supervisor. He is not a proper party with respect to the appeal of the City Manager's decision, although he may have been a proper party had the Court considered the prayer for issuance of a writ of mandamus. Of course, the sustaining of the City Manager's decision makes any consideration of that relief unnecessary.

In sum, the Court sustains the City Manager's determination that the Plaintiff's termination of employment is not a grievable issue. The Plaintiff's prayer for attorney's fees, then, is denied, and her petition for issuance of a writ of mandamus is moot. The Commonwealth's Attorney is further removed as a party of this action.